**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ALESIA CLAXTON MITCHELL,
          Appellant,

        v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
DC-3443-16-0164-I-1

DATE: March 25, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Casanova Hambrick</u>, Clarkton, North Carolina, for the appellant.

<u>Tanisha J. Locke</u>, Esquire, Charlotte, North Carolina, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed this appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant, an EAS-17 Supervisor for the U.S. Postal Service, filed an appeal on November 24, 2014, challenging a proposed letter of warning in lieu of a 7-day suspension, which she received on September 16, 2015. Initial Appeal File (IAF), Tab 1. The administrative judge issued an order notifying the appellant of the Board's timeliness and jurisdictional requirements and directing her to file evidence and argument showing that the Board has jurisdiction over her claims and that her appeal was timely filed. IAF, Tab 4. The agency responded by filing a motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 5. The appellant did not respond to the order or oppose the agency's motion to dismiss her appeal.

¶3      Without holding the hearing requested by the appellant, the administrative judge granted the agency's motion and dismissed the appeal for lack of jurisdiction. IAF, Tab 6, Initial Decision (ID). The administrative judge also found that the appellant filed an untimely appeal and that she offered no evidence or argument that her appeal was timely filed or that she had good cause for filing late. ID at 2-3. The appellant filed a petition for review of the initial decision, and the agency responded in opposition to her petition. Petition for Review (PFR) File, Tabs 1, 3.

¶4		The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985); 5 C.F.R. § 1201.3(a). Under 5 U.S.C. § 7512, the Board may entertain appeals to review the following adverse agency actions: (1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough of 30 days or less. The warning letter issued by the U.S. Postal Service, on which the appellant bases her appeal, falls outside these statutory categories.

¶5		On review, the appellant asks the Board to reopen her case so that she can receive due process on the proposed letter of warning she received from the agency. PFR File, Tab 1 at 3. The appellant, however, does not dispute the administrative judge's findings that the Board has no jurisdiction over her appeal. ID at 3-4. Because the appellant's arguments on review present no basis for disturbing the initial decision dismissing her appeal for lack of jurisdiction, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction and we need not address the timeliness of this appeal.[2]

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[2] On review, the appellant also states that she is still waiting for the agency to respond to her discovery request. PFR File, Tab 1 at 3. There is no indication that the appellant filed a motion to compel discovery during the proceeding below consistent with the Board's regulations regarding timely discovery. *See* 5 C.F.R. § 1201.73. Accordingly, her argument provides no basis for disturbing the initial decision.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.